**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000440
30-JUN-2025
07:57 AM
Dkt. 67 SO**

NO. CAAP-23-0000440

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
NIKA SARNAI BAYANBAT, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-23-00169)


SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, and Nakasone and Guidry, JJ.)

Plaintiff-Appellant Nika Sarnai Bayanbat (**Bayanbat**) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment entered on June 26, 2023, in the District Court of the First Circuit, Honolulu Division.[1] Following a bench trial, Bayanbat was convicted of Excessive Speeding in violation of Hawaii Revised Statutes § 291C-105(a)(1) and (a)(2).

On appeal, Bayanbat contends that: (1) "[t]here was no substantial evidence to support Bayanbat's conviction where the State failed to lay the requisite foundation for admission of the laser gun speed reading"; and (2) "[t]he District Court failed to get a valid waiver of Bayanbat's right to testify where its colloquy did not meet the requirements of Tachibana v. State[,]" 79 Hawai'i 226, 900 P.2d 1293 (1995).

---

[1] The Honorable James C. McWhinnie presided.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Bayanbat's contentions as follows, and vacate.

(1) Bayanbat contends there was insufficient evidence to prove that (a) Officer Ah Nee's Lidar device was tested for accuracy according to the manufacturer's recommendations and was working properly, and (b) Officer Ah Nee was qualified by training and experience to operate the Lidar device.

To lay a foundation for the introduction of a speed measurement by a laser device, the State must demonstrate that: (1) the operator who used the device received training, the nature and extent of which met the device manufacturer's requirements (training prong), see State v. Amiral, 132 Hawaiʻi 170, 178, 319 P.3d 1178, 1186 (2014) (quoting State v. Assaye, 121 Hawaiʻi 204, 215, 216 P.3d 1227, 1238 (2009)); State v. Gonzalez, 128 Hawaiʻi 314, 327, 288 P.3d 788, 801 (2012); and (2) prior to making the reading at issue, the device's accuracy was tested and determined to be operating properly according to the manufacturer's recommended procedures (testing prong), see Gonzalez, 128 Hawaiʻi at 325-26, 288 P.3d at 799-800. As to the training prong, the State must show both (a) the manufacturer's training requirements, and (b) the training actually received by the operator of the device. See Amiral, 132 Hawaiʻi at 178, 319 P.3d at 1186 (citing Gonzalez, 128 Hawaiʻi at 327, 288 P.3d at 801). "[I]n the absence of such requirements, the State can attempt to establish the necessary foundation through other means." Id. at 180, 319 P.3d 1188 (Recktenwald, C.J., concurring).

Upon review of the record, and viewing the evidence in the strongest light for the prosecution, see State v. Bowman, 137 Hawaiʻi 398, 405, 375 P.3d 177, 184 (2016), we conclude the State demonstrated, through the testimony of Officer Ah Nee, that both the testing prong and training prong were satisfied. There was substantial evidence supporting Bayanbat's conviction for Excessive Speeding.

2

(2) Bayanbat contends that the District Court's Tachibana colloquy was deficient and, as a result, it cannot be concluded that Bayanbat's waiver of his right to testify was knowing, intelligent, and voluntary.

There are two components of a Tachibana colloquy: (1) "informing the defendant of fundamental principles pertaining to the right to testify and the right not to testify"; and (2) "engaging in a true 'colloquy' with the defendant[,]" which consists of a "verbal exchange between the judge and the defendant 'in which the judge ascertains the defendant's understanding of the proceedings and of the defendant's rights.'" State v. Celestine, 142 Hawaiʻi 165, 170, 415 P.3d 907, 912 (2018) (first citing Tachibana, 79 Hawaiʻi at 236 n.7, 900 P.2d at 1303 n.7, then quoting State v. Han, 130 Hawaiʻi 83, 90-91, 306 P.3d 128, 135-36 (2013)). To satisfy the second component of the Tachibana colloquy, it is "suggested that the trial court engage in a verbal exchange with the defendant at least twice": (1) "after the court informs the defendant of the right to testify and of the right not to testify and the protections associated with these rights"; and (2) "after the court indicates to the defendant its understanding that the defendant does not intend to testify[,]" which includes "responses as to whether the defendant intends to not testify, whether anyone is forcing the defendant not to testify, and whether the decision to not testify is the defendant's." Id. at 170-71, 415 P.3d at 912-13 (citing Han, 130 Hawaiʻi at 90-91, 306 P.3d 135-36); see State v. Torres, 144 Hawaiʻi 282, 294-95, 439 P.3d 234, 246-47 (2019) (applying the same protections to the right not to testify).

Here, after the State rested, the District Court engaged in the following colloquy with Bayanbat:

> THE COURT: Okay. So, Ms. Bayanbat, as I mentioned at the beginning of trial, you have a constitutional right to testify in your own defense, and although you should consult with [your counsel] regarding your decision to testify, it is your decision, and no one can prevent you from testifying should you choose to do so. If you decide to testify, again, just a reminder, the prosecutor can question or cross-examine you if you testify.

3

> And you also have a constitutional right not to testify and to remain silent.  Again, if you choose not to testify, the Court cannot and will not hold that against you in deciding your -- your case.
>
> Based on your attorney's representation, it's the Court's understanding you do not intend to testify.  And is that your decision and your decision alone not to testify?
>
> [BAYANBAT]:  Yes.
>
> THE COURT: Okay.  Thank you.

On this record, the District Court failed to engage Bayanbat in a "true colloquy" before the defense rested. Celestine, 142 Hawaiʻi at 170, 415 P.3d at 912.  Although the District Court advised Bayanbat regarding her rights to testify and not to testify, it failed to engage her in a verbal exchange to ascertain her understanding of the proceedings and of her rights.  See id.

"Once a violation of the constitutional right to testify is established, the conviction must be vacated unless the State can prove that the violation was harmless beyond a reasonable doubt."  Tachibana, 79 Hawaiʻi at 240, 900 P.2d at 1307 (citing State v. Silva, 78 Hawaiʻi 115, 125, 890 P.2d 702, 712 (App. 1995)).  Here, the record does not contain any indication of what Bayanbat would have said if she had testified, and the State does not argue that the defective colloquy was harmless beyond a reasonable doubt.  See State v. Hoang, 94 Hawaiʻi 271, 279, 12 P.3d 371, 379 (App. 2000) ("In general, it is inherently difficult, if not impossible, to divine what effect a violation of the defendant's constitutional right to testify had on the outcome of any particular case.").  Based on our review of the record, we cannot conclude that the District Court's deficient colloquy was harmless beyond a reasonable doubt.  We therefore vacate Bayanbat's conviction for Excessive Speeding.

For the reasons discussed above, the Notice of Entry of Judgment and/or Order and Plea/Judgment entered on June 26, 2023, in the District Court of the First Circuit, Honolulu Division, is vacated.  The case is remanded to the District Court for further

proceedings consistent with this Summary Disposition Order.

DATED:  Honolulu, Hawaiʻi, June 30, 2025.

On the briefs:

Jason M. Kramberg,
Deputy Public Defender,
for Defendant-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge